DECISION AND JUDGMENT ENTRY
The Washington County Court of Common Pleas adjudicated appellant Wendell Dale Clutter as a sexual predator under R.C.2950.09. This appeal raises a single assignment of error:
 The trial court erred to the prejudice of the defendant/appellant in adjudicating him a sexual predator as it abused its discretion because the finding was against the manifest weight of the evidence.
We find that the record contains competent, credible evidence to support the trial court's adjudication. Accordingly, we affirm.
 I.
One night in January, 1987, the appellant saw a young woman driving along Barlow Township 39 in Washington County. The appellant followed her in his own vehicle and rear-ended the woman's car several times before forcing the woman off the road. The appellant approached the woman, pointed a .357 Magnum revolver at her, and ordered her to get out of her car. He grabbed the woman by the arm and forced her to his vehicle, where he tied her hands behind her back and covered her face with a coat. The appellant then drove the woman to a vacant house and took her inside. The appellant tied the woman's ankles and blindfolded her before forcing the woman onto a mattress, where he raped her.
The appellant pleaded guilty to one count of rape with a firearm specification. See R.C. 2907.02(A)(2) and former R.C.2929.71. The trial court sentenced the appellant to an indefinite term of ten to twenty-five years imprisonment, with an additional three years for the gun specification. After the appellant had served approximately ten years of his sentence, the Ohio Department of Rehabilitation and Correction ("Department") recommended that he be classified as a sexual predator. See R.C.2950.09(C)(1). Following this recommendation, the trial court conducted a hearing under R.C. 2950.09(C)(2).
At the hearing, the state presented testimony from Washington County deputy sheriff Robert Sears, who related the facts surrounding the appellant's offense. The defense offered testimony from Dr. James Barna, a forensic clinical psychologist, who opined that the appellant was unlikely to commit future sexual offenses. Dr. Barna's opinion relied heavily upon a recently completed research study on recidivism by sexual offenders. The trial court also considered a report by Dr. Barna and a pre-sentence investigation report completed prior to the appellant's incarceration in 1987. These documents revealed that the appellant raped his victim in an effort to mimic a pornographic film that excited him sexually. Following the hearing, the trial court agreed with the Department's recommendation and adjudicated the appellant a sexual predator. The appellant timely appealed as a matter of right. See R.C.2950.09(C)(2)(b)(v).
 II.
In his lone assignment of error, the appellant contends that the trial court's adjudication of his sexual predator status is against the manifest weight of the evidence. He emphasizes Dr. Barna's testimony, which concluded that the appellant was unlikely to commit future sexual offenses. The appellant argues that the state provided no evidence to refute Dr. Barna's conclusions and no testimony for the trial court to consider in making a recidivism determination. Thus, the appellant urges that the state failed to establish that he was a sexual predator within the meaning of the statute. We disagree.
"Sexual predator" is defined as a person who (1) has been convicted of or pleaded guilty to committing a sexually-oriented offense and (2) is likely to engage in the future in one or more sexually-oriented offenses. R.C. 2950.01(E). Before a court may adjudicate an offender as a sexual predator, it must find each of these elements established by clear and convincing evidence. R.C.2950.09(B)(3). "Clear and convincing evidence" is a measure or degree of proof that is "more than a mere `preponderance of the evidence,' but not to the extent of such certainty as * * * `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v.Schiebel (1990), 55 Ohio St.3d 71, 74, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
When reviewing whether "clear and convincing" evidence supports the trial court's decision, we must examine the record and ascertain whether enough evidence existed to meet this burden of proof. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368. This type of review is deferential to the trial court. We will not overturn a trial court's judgment as against the manifest weight of the evidence if the record contains competent, credible evidence supporting each essential element of the case.Schiebel, supra, 55 Ohio St.3d at 74-75; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
Because he was convicted of the sexually-oriented offense of rape, the appellant indisputably meets the first prong of the "sexual predator" definition. The appellant, however, challenges the trial court's finding on the second prong, i.e. that he is likely to commit a sexually-oriented offense in the future. When determining whether an offender should be classified as a sexual predator, a court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). See R.C. 2950.09(C)(2)(b); see, also, State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported (R.C. 2950.09[B][2] factors are designed to assist the court in making a sexual predator determination). The R.C. 2950.09(B)(2) factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
A court is under no obligation to "tally up" the R.C.2950.09(B)(2) factors in any particular fashion. State v.Mollohan (Aug. 20, 1999), Washington App. No. 98CA13, unreported. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. State v. Meade, supra.
In this case, the trial court designated the appellant a sexual predator based on R.C. 2950.09(B)(2)(i) and (j). The court determined that the appellant displayed cruelty toward his victim in committing the rape. The court found that the appellant forced his victim's car off the road, threatened the victim with a gun, bound her hands and legs, and forcibly raped her vaginally and anally.[1] After committing this violent act, the appellant used threats to dissuade her from telling anyone about the crime. The appellant told the victim that he could find her again because he "knew where she worked and who her husband was" and that he had friends "rougher" than him. The trial court properly found that these actions displayed cruelty within the meaning of R.C. 2950.09(B)(2)(i). See State v. Rykowski (Feb. 19, 1998), Franklin App. No. 97APA06-837, unreported (use of force in the form of threats, coercion, or physical confrontation constitutes cruelty), affirmed (1998), 84 Ohio St.3d 21.
The trial court also considered the appellant's motive for raping his victim as evidence of sexual predator status. Evidence at the hearing showed that the appellant committed the rape to satisfy a sexual fantasy. Prior to the rape, the appellant regularly purchased pornographic videos, which he used as an aid in masturbation. The appellant admitted to Dr. Barna that one of these videos portrayed the raping of women and that the rape scenes excited him sexually. The appellant also admitted that he raped his victim in order to act out what excited him on the rape video. The court found that these circumstances displayed "predatory behavior toward strangers," which indicated that the appellant was likely to re-offend. See State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported (court can consider violent nature of offense in determining likelihood of re-offending). Based on the court's findings regarding the R.C.2950.09(B)(2)(i) and (j) factors, which are supported by the record, there was clear and convincing proof that the appellant is a sexual predator.
Despite the evidence supporting the sexual predator adjudication, the appellant maintains that the adjudication was against the manifest weight of the evidence because of Dr. Barna's opinion that the appellant was unlikely to commit a future sexual offense. Dr. Barna based his opinion on his interview of the appellant and a study on sexual offender recidivism published in 1998 by Canadian researchers R. Karl Hanson and T. Monique Bussiere (the "study"). According to Dr. Barna, the study determined that the "base rate" for sexual offender recidivism was 13.4 percent, with a rapist having a seven percent probability of re-offending. Dr. Barna also testified to the study's finding that the two factors most correlative with re-offending were (1) the sexual offender's status as a psychopath and (2) the offender engaging in a variety of deviant sexual practices. Although Dr. Barna admitted that the appellant's desire to act out his rape fantasy was deviant, he noted that the appellant was not a psychopath and did not appear to engage in a "variety" of deviant sexual practices. Dr. Barna also noted that the only R.C. 2950.09(B) factors potentially applicable to the appellant were an irresponsible lifestyle, which Dr. Barna considered to be relevant under R.C.2950.09(B)(2)(j)'s "catchall" provision, and the cruelty displayed toward the victim (R.C. 2950.09[B][2][i]).[2] Dr. Barna noted, however, that these factors correlated with only a seven percent and two percent likelihood, respectively, that the appellant would commit another sexually-oriented offense. Dr. Barna also indicated that the R.C. 2950.09(B) factors did not present particularly strong indicators of sexual offense recidivism according to the study, which he identified as the premier study in the field. The appellant argues that Dr. Barna's "scientific and statistical" findings dictate a finding that he is not a sexual predator. We disagree.
Contrary to the appellant's assertion, Dr. Barna's opinion did not go unrefuted. The state extensively cross-examined Dr. Barna and revealed potential weaknesses in his testimony. For example, Dr. Barna did not know how the study defined a sexual "re-offense"; he could not say with any degree of certainty whether the study considered conduct that could have constituted another sexual offense or only later convictions for sexually-oriented offenses. Further, while Dr. Barna insisted that the appellant did not engage in a "variety" of deviant sexual behavior, which he emphasized as a key predictor of future sexual offenses, cross-examination undermined this opinion. Dr. Barna's testimony suggested that he based his opinion on information from only two sources: (1) what the appellant told him; and (2) the facts of the appellant's offense. Moreover, Dr. Barna sidestepped questions regarding his or the study's definition of "deviant sexual behavior." Thus, Dr. Barna emphasized the appellant's lack of "deviant sexual behavior" as a reliable factor without concretely defining the term. In light of these shortcomings alone, the court could have reasonably found Dr. Barna's opinion lacking in credibility. The trier of fact determines what weight should be given to expert testimony. See State v. Thomas (1982),70 Ohio St.2d 79, 80; Bailey v. Emilio C. Chu, M.D., Inc. (1992),80 Ohio App.3d 627, 635. Accordingly, we cannot find error in the court's refusal to accept Dr. Barna's opinion.
The record reveals competent, credible evidence to support the conclusion that the appellant is a sexual predator. We therefore overrule the appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Evans, J.: Concurs in Judgment Only.
For the Court:
 BY: _________________________ WILLIAM H. HARSHA, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] The appellant attacks the trial court's finding that he sodomized the victim in addition to vaginally raping her. The appellant insists that the victim denied being sodomized. We note, however, that evidence at the hearing indicated that semen was found in both the victim's anus and vagina. Thus, there was a sufficient basis for the trial court to find that the appellant raped the victim anally.
[2] Dr. Barna did not concede that the appellant's actions were "cruel." Rather, he noted that the circumstances surrounding the rape (i.e., the use of a gun, the kidnapping of the victim, and the threats of harm) were arguably not displays of cruelty. Nevertheless, Dr. Barna assumed the presence of the "cruelty" factor in rendering his opinion.